# STATE OF FLORIDA v. STRICKLAND
## Case No. 84-394 CF
Sixteenth Judicial Circuit, Appellate Division, Monroe County

June 4, 1985

### APPEARANCES OF COUNSEL

Office of the State Attorney for appellant.
**Hugh R. Papy** for appellee.

### OPINION OF THE COURT

RICHARD J. FOWLER, Circuit Judge.

The appellant raises four issues on appeal. First the appellant argues that the trial court committed error in finding Defendant guilty. Second, the trial court committed error in allowing the arresting officer to testify after the rule of exclusion had been invoked. Third, the trial court erred in sentencing the Defendant. Fourth, the trial court erred in abusing its discretion in sentencing the Defendant. This Court finds and holds as follows:

A review of the briefs of the Appellant and the Appellee as well as the Court file and trial transcript indicates a more than adequate basis upon which the conviction on the offense of Careless Driving could have been based. It is an exercise in pure sophistry to imagine that the offense of Careless Driving would not encompass this fact situation. Clearly, it is lack of regard for traffic and "other attendant circumstances" and therefore, Careless Driving to abandon one's vehicle in

such close proximity to a following vehicle so as to cause an accident. Therefore, the first issue on appeal is found to be without merit.

As to the second issue raised on appeal, review of the transcript indicates that it was, in fact, the prosecuting officer that requested that the rule of witness exclusion be invoked and with that knowledge it was defense counsel that requested the officer to testify. He cannot now be heard to complain on appeal as a result of his own request. In addition, it is accepted procedure for prosecution of traffic infractions that the arresting officer also serve as prosecuting agent. To disallow his testimony on the basis of exclusion would be to deny the ability to proceed with the vast majority of traffic infraction prosecutions. Therefore, the second issue raised on appeal is also found to be without merit.

As to the third issue raised on appeal, the imposition of a $250 fine plus $14 of costs is well within the sound discretion of the Court, however, the Court was without jurisdiction to impose a twelve month period of probation and the attendant conditions thereof. Therefore, the sentence of the imposition of probation is reversed.

As to the amount of the appeal bond, a review of the transcript requested by defense counsel shows there was, at best, invited error on the part of the trial Court.

As to issue four listed on appeal, this Court can find no basis for a violation of the Defendant's constitutional rights nor that the trial Court in any way abused its discretion in sentencing the Defendant with the exception of the above-referenced probation and finds that issue to be without merit.

Therefore, it is ORDERED

Affirmed in part; reversed in part and remanded for resentencing.

EDITOR'S NOTE: On June 24, 1984, Appellee's Motion for Rehearing was denied.